J-S76024-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| BRIAN ALEX SCHAFFNER, | : | |
| Appellant. | : | No. 610 WDA 2018 |

Appeal from the Order, March 28, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0005883-2000.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 01, 2019

Brian Alex Schaffner appeals from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On July 26, 2000, Schaffner entered a negotiated guilty plea to one count each of aggravated indecent assault, indecent assault, and corruption of minors. These charges resulted from acts he perpetrated upon his girlfriend's nine-year-old niece.  On October 20, 2000, the trial court sentenced Schaffner to the negotiated 2 ½ to 5 year sentence.  In addition, the trial court designated Schaffner a sexually violent predator.  Schaffner therefore was required to comply with the registration, verification, counseling, and notification provisions of Megan's Law II.  42 Pa.C.S.A. §§ 9791-99 (expired).

Schaffner filed a timely appeal to this Court. In an unpublished memorandum filed on February 19, 2004, we affirmed his judgment of sentence, and on September 29, 2004, our Supreme Court denied his petition for allowance of appeal. Commonwealth v. Schaffner, 849 A.2d 609 (Pa. Super. 2004), appeal denied, 859 A.2d 768 (Pa. 2004). While this appeal was pending, Schaffner filed a pro se PCRA petition, which the PCRA court dismissed without prejudice.

On August 30, 2005, Schaffner filed another pro se PCRA petition, and the PCRA court appointed counsel. On September 20, 2006, PCRA counsel filed a no-merit letter and motion to withdraw as counsel pursuant to the dictates of Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On October 3, 2006, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Schaffner's PCRA petition and granted PCRA counsel's motion to withdraw. Schaffner did not file a response. By order entered October 25, 2006, the PCRA court dismissed the petition.

No further action appears in the certified record until September 18, 2017, when counsel filed a "Petition to Remove Defendant from the Registration and Reporting Requirements" of the Sex Offender Registration and Notification Act ("SORNA"). On February 28, 2018, the Commonwealth filed an answer. Treating the filing as a serial PCRA petition, the PCRA court issued, on March 22, 2018, Pa.R.Crim.P. 907 notice of its intention to dismiss the petition as untimely. Schaffner filed a timely response. By order entered

March 28, 2018, the PCRA court denied the petition. This appeal follows. The PCRA Court did not require Pa.R.A.P. 1925 compliance.

Schaffner raises the following issues on appeal:

I. Whether the PCRA court erred in finding Schaffner's petition to remove him from the SORNA registration and reporting requirements was time barred?

II. Whether the PCRA court erred in failing to allow Schaffner to advance the claim that Act 10 of 2018 is unconstitutional?

Schaffner's Brief at 4.

Initially, we note that the trial court correctly treated Schaffner's 2017 filing as a serial PCRA petition. In response to the PCRA court's Rule 907 notice, Schaffner cited this Court's decision in Commonwealth v. Partee, 86 A.3d 245 (Pa. Super. 2014), to argue that his petition should not be treated under the PCRA. In the alternative, Schaffner argued that his filing could be considered as a petition for habeas corpus relief. Finally, Schaffner argued that if the filing was to be treated under the PCRA, he had proven an exception to the PCRA's time bar in that he filed his petition within sixty days of our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), which recognized a new constitutional right.

Schaffner's reliance upon this Court's decision in Partee, supra, is misplaced, as his filing did not request specific enforcement of a plea agreement he made with the Commonwealth. Additionally, "this Court has consistently held that, pursuant to the plain language of Section 9542, where

a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. See Commonwealth v. Turner, 622 Pa. 318, 80 A.3d 754, 770 (2013) ("The PCRA at Section 9542 subsumes the remedies of habeas corpus and coram nobis.") Therefore, Schaffner's characterization of his request as a habeas corpus petition is incorrect. Thus, we will address Schaffner's remaining claim, that although untimely, he has met an exception to the PCRA's time bar.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] 42 Pa.C.S.A. § 9545. A PCRA petition

---

[1] The exceptions to the timeliness requirement are:

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." See Hernandez, 79 A.3d 651-52 (citations omitted); see also 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007); see also Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Here, Schaffner's judgment of sentence became final on December 28, 2004, ninety days after he failed to file a writ of certiorari to the United States Supreme Court after the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 29, 2004. See 42 Pa.C.S.A. § 9545(b)(3); U.S .Sup.Ct.R. 13. Thus, in order to be timely, Schaffner had to file his PCRA

_____

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

petition by December 28, 2005. As he filed the petition at issue in 2017, it is untimely, unless Schaffner satisfied his burden of pleading and proving that one of the enumerated exceptions applies. See Hernandez, supra.

Schaffner has failed to establish any exception to the PCRA's time bar. As noted above, he claims that the Muniz decision establishes the "newly recognized constitutional right exception to the PCRA's time bar pursuant to Section 9545(b)(1)(iii). Schaffner also notes that he filed his petition within sixty days of the Muniz decision. 42 Pa.C.S.A. § 9545(b)(2). In Muniz, the Pennsylvania Supreme Court held that SORNA's registration provisions constituted criminal punishment that cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's enactment.

The Muniz decision does not entitle Schaffner to post-conviction relief. This Court has held that "the recent holding in Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Schaffner's PCRA petition was untimely, unlike the timely PCRA petition at issue in Rivera-Figueroa, he must demonstrate that the Pennsylvania Supreme Court has held Muniz applies retroactively to untimely PCRA petitions in order to satisfy Section 9545(b)(1)(iii). Because our Supreme Court has yet to reach this conclusion, he cannot rely on Muniz to establish that time-bar exception. See Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018). However, if our Supreme Court issues a decision

holding that Muniz applies retroactively, Schaffner may file another PCRA petition within one year of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii).  See Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3 (recent amendment to the PCRA); see also Commonwealth v. Murphy, 180 A.3d at 406 n.1.

In light of the foregoing, we conclude that Schaffner's PCRA petition was untimely filed, and he has not pled and proven an exception to the PCRA's timeliness requirements.  As such, the PCRA court correctly concluded that it lacked jurisdiction,[2] and we affirm the court's order denying Schaffner post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/01/2019

---

[2] Because Schaffner's petition was time-barred, he also cannot proceed with the constitutional claim he raises in his second issue.